## In re WHITE.

(*Circuit Court, D. Minnesota.* March 10, 1891.)

1. EXTRADITION—RES ADJUDICATA—HABEAS CORPUS—DISCHARGE.
   Petitioner was duly charged before a magistrate in Wisconsin with the crime of grand larceny, and a warrant of arrest issued, on which was based a requisition to the governor of Minnesota, to which state petitioner had fled. The requisition, however, stated that the crime committed was burglary, and petitioner was discharged on *habeas corpus.* Thereupon a new proceeding was had before the Wisconsin magistrate, and a new warrant of arrest issued and a new requisition made, in which the crime was properly stated as grand larceny. Petitioner procured a new writ of *habeas corpus.* *Held,* that the former discharge was not *res adjudicata* unless it was shown that it was granted on the question of identity of petitioner with the person charged before the magistrate.

2. SAME—REQUISITION—SUFFICIENCY—ANNEXED PAPERS.
   Though the requisition does not show on its face that it was based on an original proceeding had in the proper court, it is sufficient where it refers to papers annexed to it, and certified to be correct, which do show that fact.

Appeal from District Court.

*James J. McCafferty,* for petitioner.

*W. H. Frawley,* for respondent.

SHIRAS, J. Briefly stated, the facts in this case are as follows: On the 20th day of January, 1891, the governor of Minnesota issued a warrant in due form to the sheriff of Ramsey county, reciting that the governor of Wisconsin had demanded the arrest and delivery of one Joseph White as a fugitive from justice, the said White being charged by affidavit made before a magistrate in the county of Eau Claire, in the state of Wisconsin, with the crime of grand larceny, and directing the said sheriff to arrest said White, and to deliver him to John Higgins, the agent appointed by the governor of the state of Wisconsin to receive said White. The arrest having been made as directed, thereupon a writ of *habeas corpus* was sued out by said White from the United States district court for the district of Minnesota, and upon the return made thereto a hearing was had in said court, and an order entered discharging said writ, and remanding the petitioner to the custody of the sheriff of Ramsey county. From this ruling an appeal was taken to the circuit court, under the provisions of section 763 of the Revised Statutes of the United States, and by the consent of parties the same has been submitted at the present term of this court. From the record on file it appears that on the 17th day of January, 1891, a complaint made by Gunder Thompson under oath was filed before E. M. BARTLETT, judge of the municipal court of the city of Eau Claire, Wis., charging Joseph White

with unlawfully and feloniously stealing and carrying away 20 bolts of silk, of the value of $1,200, and 15 ladies' plush cloaks, of the value of $600, the property of Andrew Holm and said Gunder Thompson, the offense being charged to have been committed in Eau Claire county, Wis. In support of this complaint several affidavits were filed, detailing circumstances tending to show the guilt of said White, and that immediately after the commission of the crime he had fled from the state of Wisconsin to the state of Minnesota. Upon this showing the judge of said municipal court issued a warrant for the arrest of said White under date of January 17, 1891, and, based upon these proceedings, an application was made by the district attorney of Eau Claire county to the governor of Wisconsin for a requisition on the governor of Minnesota for the arrest and return of the fugitive.

It further appears that on the 6th and again on the 15th days of January, 1891, requisitions had been issued by the governor of Wisconsin upon the governor of Minnesota for the arrest and return of White, both of which requisitions had been honored, and warrants of arrest issued thereon. In these requisitions the crime alleged to have been committed by White was stated to be burglary, whereas in fact the proceedings before the magistrate showed the offense to be grand larceny. When arrested upon these warrants, White procured the issuance of writs of *habeas corpus* from the Hon. Judge KERR, of the district court of Ramsey county, Minn., and also from the Hon. R. R. NELSON of this federal district, and was thereby freed from arrest. Thereupon the district attorney of Eau Claire county, Wis., caused a new proceeding to be begun before the judge of the municipal court of Eau Claire city, and, as already stated, upon the complaint and affidavits filed before him on the 17th day of January, 1891, the judge of said court issued his warrant of arrest for said White on a charge of grand larceny; and, based thereon, the governor of Wisconsin issued requisition upon the governor of Minnesota for the arrest of said White, charged with the crime of grand larceny, and, the warrant being issued, White was arrested thereon, and again sued out a writ of *habeas corpus*, which is the proceeding now before this court on appeal.

The main ground upon which the release of the prisoner is sought is that, by the proceedings had before Judge KERR, and the order therein made, the matter at bar has been fully and finally adjudicated, and stands *res adjudicata*. It will be noticed that none of the proceedings wherein White was discharged upon *habeas corpus* related to the complaint and warrant of arrest issued by the judge of the municipal court of Eau Claire city under date of January 17th. The contention is that the several proceedings were in fact based upon the one offense, and that the orders heretofore made, releasing him from the arrests made upon the prior proceedings, must be deemed to be adjudications upon the question whether White can be extradited for trial for that offense. Counsel have very fully and ably presented their views on these questions, and have cited many authorities thereon. I shall not attempt to quote therefrom, or to point out wherein differences exist in the facts of the differ-

ent cases. It is entirely possible that the plea of *res adjudicata* might, under some circumstances, be available in a case wherein extradition was sought upon a second or third warrant issued for that purpose. Thus, if upon an arrest made upon a warrant granted by the governor, the question of identity of the person arrested with the one charged with an offense had been properly presented, heard, and determined upon a return to a writ of *habeas corpus*, the decision being in favor of the one arrested, it might be that the same could be successfully pleaded to a second arrest. Thus, if in this case it appeared that upon the hearing before Judge KERR, or upon that before Judge NELSON, the question of identity had been presented and determined in favor of the relator, it would seem that such decision should be final, and that the relator should not again be called upon to meet that issue. If, however, the person arrested is released upon *habeas corpus* upon the ground of informality or mistakes in the proceedings, or upon some ground which does not decide the question whether upon the real facts the one arrested should be extradited for trial, such release, not being upon the merits, should not be a bar to an arrest upon perfected papers or proceedings.

It is urged by counsel for relator that it should be assumed that the prior decisions, and particularly that made by Judge KERR, was based upon substantial ground, such as lack of proof of identity. The orders made in the prior proceedings wholly fail to show upon what ground the release of the relator was granted. The traverse or issue taken by the relator to the return made by the sheriff fails to set up the question of identity, so that upon the face of the record it cannot be said that this issue was presented. To support the plea of *res adjudicata* the burden was upon the relator to show that some issue had been heard and determined in his favor in the prior proceedings, of such a nature as to constitute an estoppel upon a reinvestigation of the same question. If the record failed to show the fact, extrinsic evidence was admissible for the purpose. *Packet Co.* v. *Sickles*, 24 How. 333; *U. S.* v. *Lane*, 8 Wall. 185; *Cromwell* v. *Sac Co.*, 94 U. S. 351–355; *Davis* v. *Brown*, Id. 423. In the absence of evidence, either upon the face of the record or from extrinsic sources, showing that the prior discharge from arrest granted the relator was based upon a hearing and determination of some material issue, like that of identity, it cannot be held that anything is shown creating an estoppel against the proceedings now pending for the arrest and removal for trial of the relator. As already stated, these proceedings are based upon new process, beginning with the complaint made before the judge of the municipal court of Eau Claire city, and thus the case is brought within the ruling of the supreme court in *Ex parte Milburn*, 9 Pet. 704, wherein it is said:

"A discharge of a party under a writ of *habeas corpus* from the process under which he is imprisoned, discharges him from any further confinement under that process, but not under any other process which may be issued against him under the same indictment."

The other objections urged to the sufficiency of the warrant of arrest and the papers on which it is based are to the point that it does not appear that it is a criminal proceeding pending in a proper court; that it

does not appear on the face of the requisition that the relator is a fugitive from justice; and that the affidavits submitted to the governor of Wisconsin do not make out a *prima facie* case against the relator.	In the record submitted to the governor of Wisconsin, when the requisition was applied for, it is clearly shown that the relator was charged before the judge of the municipal court of Eau Claire city with the crime of grand larceny, said charge being in the form of an information or complaint, made under oath and supported by competent affidavits, which also averred that the relator had, after the commission of the crime alleged against him, fled from Wisconsin to St. Paul, Minn.	In the requisition issued by the governor of Wisconsin it is recited that—

"Whereas, it appears by the annexed papers, which I certify to be authentic, that Joseph White stands charged by affidavit with the crime of grand larceny, committed in the county of Eau Claire in this state, and that he has fled from the justice of this state, and taken refuge in the state of Minnesota: Now, there, * * * etc."

It is true that the requisition does not recite that the relator stands charged before a magistrate, but it refers to the annexed papers, which are certified to be authentic, and these papers clearly show the fact of the complaint, the nature of the crime charged, the filing of the complaint and supporting affidavits before the judge of the municipal court of Eau Claire city, and the fact that the relator had fled from Wisconsin to Minnesota.	Under the ruling of the supreme court in *Roberts* v. *Reilly,* 116 U. S. 80, 6 Sup. Ct. Rep. 291, all that was necessary to be shown to the governor of Minnesota was that Joseph White was substantially charged with a crime against the laws of the state of Wisconsin, either by an indictment found, or by an affidavit filed before a magistrate in that state, and certified to be authentic by the governor of Wisconsin, and that White had fled from that state into Minnesota.

The record submitted to the governor of Minnesota contained evidence of all these material matters, and, in determining whether the evidence submitted to him was sufficient, the governor was not limited to the mere recitals contained in the requisition issued under the signature of the governor of Wisconsin, but was entitled to consider the facts set forth in the papers annexed to said requisition, and certified to as authentic by the governor of Wisconsin.	The evidence thus submitted entirely justified the finding recited in the warrant of arrest issued by the governor of Minnesota, that "the said Joseph White stands charged by affidavit made before a magistrate of the county of Eau Claire, in the state of Wisconsin, with the crime of grand larceny, alleged to have been committed on the 31st day of December, 1890," etc.	There is nothing, therefore, appearing upon the face of the record of these proceedings that shows that the relator is illegally held under arrest; but, on the contrary, it appears that the arrest was lawfully made, in pursuance of the warrant issued by the governor of this state, upon due and sufficient cause.

The order of the district court discharging the writ, and remanding the relator to the custody of the sheriff of Ramsey county, is therefore affirmed.