## COLLINS *v.* LOISEL, UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF LOUISIANA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 880. Argued May 4, 1923.—Decided June 4, 1923.

1. The provision of the Fifth Amendment against double jeopardy does not prevent the commitment of a person for extradition on new affidavits after he has been discharged on others identical in form and substance. P. 429.

2. Under the extradition treaty with Great Britain, a fugitive may be arrested a second time upon a new complaint charging the same crime, when he has been discharged by the magistrate on the first complaint or the first complaint has been withdrawn. P. 429.

3. Refusal of the State Department to issue a warrant of extradition because of the pendency of *habeas corpus* proceedings, does not bar further proceedings for the same cause on a new complaint. P. 430.

4. A discharge in *habeas corpus* based on mere irregularities in extradition proceedings, does not operate as *res judicata* against a new proceeding for the same offense. P. 430.

5. The pendency of *habeas corpus* proceedings relating to one charge in extradition, does not deprive the magistrate of jurisdiction to entertain an application for arrest on other charges or render invalid his warrant issued on such application. P. 430.

6. The crime for which a fugitive is extradited need not be specifically set forth in the magistrate's order of commitment, if sufficiently identified by the magistrate's finding and his certificate to the Secretary of State. P. 431.

7. By established practice, the warrant of extradition issued by the Secretary of State likewise identifies the crime. P. 431.

Affirmed.

APPEAL from a judgment of the District Court dismissing a petition for *habeas corpus.* See *post,* 730.

*Mr. J. Zach Spearing,* with whom *Mr. J. Kemp Bartlett* and *Mr. Guion Miller* were on the brief, for appellant.

*Mr. Robert H. Marr* appeared for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is the third appeal by Collins in *habeas corpus* proceedings instituted to prevent his extradition to British India. After the decision in *Collins* v. *Miller,* 252 U. S. 364, the District Court dismissed the application for *habeas corpus* so far as the commitment was based on the charge of obtaining property by false pretenses from Mahomed Alli Zaimel Ali Raza, and remanded Collins to the custody of Loisel, the marshal. The judgment of the District Court discharged the prisoner, so far as the commitment was based on charges of obtaining property by false pretenses from Pohoomul Brothers and from Ganeshi Lall & Sons. The ground of the discharge, stated in the judgment, was that Collins had been remanded to await further proceedings on these charges, to the end that he might be given the opportunity of introducing evidence at a preliminary examination under the law of Louisiana; that no further examination had been held;

that the prosecution on those affidavits had been definitely abandoned; and that other new affidavits had been filed by the British Consul General. In this judgment the British Consul General acquiesced. Collins appealed. The judgment was affirmed in *Collins* v. *Loisel,* 259 U. S. 309.

On those new affidavits, referred to in the judgment, apparently Collins was again committed to await extradition; the papers were transmitted for action to the Department of State with the magistrate's certificate; but, owing to the fact that proceedings were still pending in the District Court, the Department refused to issue the warrant of extradition. Thereafter, while the *Loisel Case* was pending in this Court, and while Collins was being held in custody to answer on the charge of obtaining property from Mahomed Alli Zaimel Ali Raza, a third set of affidavits were lodged against the prisoner by the British Consul General before the same committing magistrate. They were in form and substance identical with those in which Collins had been previously charged with obtaining property by false pretenses from Pohoomul Brothers and from Ganeshi Lall & Sons and discharged by the District Court. Alleging that the affidavits were identical with those first filed on which he had been so discharged, Collins moved, before the magistrate, to quash the new affidavits. His motion was overruled; and, after due hearing, an order was entered by the magistrate again committting Collins to be held for extradition on these charges. Then he filed, in the same District Court, this petition for a writ of *habeas corpus* and *certiorari.* Judgment was entered therein in December, 1922, dismissing this second petition for a writ of *habeas corpus;* Collins was remanded to the custody of the marshal; and this appeal was taken under § 238 of the Judicial Code. After hearing counsel for appellant, this Court on May 4, 1923, ordered that the judgment below be affirmed; and that

the mandate issue forthwith. Because of the importance of the questions presented, the reasons for this decision are now stated.

Collins contended that commitment on the new affidavits, after discharge in proceedings based on others identical in form and substance, was a violation of the Fifth Amendment and of the Treaty with Great Britain. The constitutional provision against double jeopardy can have no application unless a prisoner has, theretofore, been placed on trial. See *Kepner* v. *United States,* 195 U. S. 100, 126. The preliminary examination of one arrested on suspicion of a crime is not a trial; and his discharge by the magistrate upon such examination is not an acquittal. *Commonwealth* v. *Rice,* 216 Mass. 480. *People* v. *Dillon,* 197 N. Y. 254, 256. Even the finding of an indictment, followed by arraignment, pleading thereto, repeated continuances, and eventually dismissal at the instance of the prosecuting officer on the ground that there was not sufficient evidence to hold the accused, was held, in *Bassing* v. *Cady,* 208 U. S. 386, 391, not to constitute jeopardy. Likewise it has been consistently held under the treaties with Great Britain and other countries, that a fugitive from justice may be arrested in extradition proceedings a second time upon a new complaint charging the same crime, where he was discharged by the magistrate on the first complaint or the complaint was withdrawn.[1] The precise question appears not to have been passed upon by this Court in any case involving international extradition. But in *Bassing* v. *Cady, supra,* the rule was applied to a case of interstate rendition. Protection against unjustifiable vexation and harassment in-

---

[1] 6 Ops. Atty. Gen. 91; 10 Ops. Atty. Gen. 501; *In re Macdonnell,* 11 Blatchf. 170, 179; *In re Kelly,* 26 Fed. 852; *Fergus, Petitioner,* 30 Fed. 607; *Ex parte Schorer,* 195 Fed. 334; See also 1 Moore on Extradition, pp. 457–464; 1 Hyde, International Law, p. 596; *Muller's Case,* 5 Phila. 289; *In re Farez,* 7 Blatchf. 345.

cident to repeated arrests for the same alleged crime must ordinarily be sought, not in constitutional limitations or treaty provisions, but in a high sense of responsibility on the part of the public officials charged with duties in this connection. The proceedings before the committing magistrate on the first and on the second set of affidavits, and the action of the Department of State on the latter, were no bar to the proceedings on the third set of affidavits here involved. The filing by the British Consul General of these new affidavits was clearly justified.

The discharge of Collins on the first petition for *habeas corpus,* so far as it related to the charge of obtaining property from Pohoomul Brothers and from Ganeshi Lall & Sons does not operate as *res judicata.* It is true that the Fifth Amendment in providing against double jeopardy, was not intended to supplant the fundamental principle of *res judicata* in criminal cases, *United States* v. *Oppenheimer,* 242 U. S. 85; and that a judgment in *habeas corpus* proceedings discharging a prisoner held for preliminary examination may operate as *res judicata.* But the judgment is *res judicata* only that he was at the time illegally in custody, and of the issues of law and fact necessarily involved in that result.[2] The discharge here in question did not go to the right to have Collins held for extradition. It was granted because the proceedings on which he was then held had been irregular and the British Consul General, instead of undertaking to correct them, had concluded to abandon them, and to file the charges anew by another set of affidavits.

The contention was also made that, as the arrest on the new affidavits after discharge on the old was an independent proceeding, and Collins was then being held on an entirely different charge under review by this Court

[2] Compare *Ex parte Milburn,* 9 Pet. 704, 710; *In re White,* 45 Fed. 237; *United States* v. *Chung Shee,* 71 Fed. 277; 76 Fed. 951; *Ex parte Gagliardi,* 284 Fed. 190.

in the *Loisel Case,* the magistrate was without jurisdiction. There was here no attempt to interfere by the second proceeding with the custody of Collins on the first. The fact that Collins was in the custody of the court did not render invalid the second warrant. It would merely prevent withdrawal of the prisoner from the custody of the court by means of the execution of a second warrant. *In re Macdonnell,* 11 Blatchf. 170, 177, 178. Compare *Ponzi* v. *Fessenden,* 258 U. S. 254, 260, 265. The pendency of *habeas corpus* proceedings, relating to the charge involved in the *Loisel Case, supra,* did not deprive the magistrate of jurisdiction to entertain this application for arrest on other charges. *Stallings* v. *Splain,* 253 U. S. 339, 342.

It was further contended that the magistrate's order of commitment was insufficient, because it adjudged that Collins be held for extradition " for trial on the charges pending against him in the Chief Presidency Magistrate's Court at Bombay "; and that, since he could legally be tried there only on the charge for which he was extradited, the order of commitment must specifically set forth that crime. *United States* v. *Rauscher,* 119 U. S. 407. The contention is unsound. The order must, of course, be interpreted as limited by the finding therein made, that the evidence produced " justify his commitment on the charge of having obtained property by false pretenses." The certificate which the magistrate issued thereon to the Secretary of State identifies the charge as those set forth in the two new affidavits. By established practice, the warrant of extradition issued by the Secretary of State likewise identifies the crime with which the prisoner has been charged and for the trial of which the prisoner is delivered up. Moreover, it may be assumed that the British Government will not try appellant upon charges other than those upon which the extradition is allowed. *Kelly* v. *Griffin,* 241 U. S. 6, 15.

*Affirmed.*