**UNITED STATES v. MEYERSON et al.**

District Court, S. D. New York. February 4, 1928.

**1. Criminal law ⟨≈⟩200(6)—Former conviction of fraudulent use of mails incident to conspiracy to violate Bankruptcy Act held not to justify quashing of indictment for such conspiracy (Bankr. Act, § 29b, as amended [11 USCA § 52]).**

Prior conviction or acquittal under mail fraud statute (18 USCA §§ 338, 339), for connection with scheme to defraud creditors of certain company, will not authorize quashing of indictment for conspiracy to violate Bankruptcy Act, § 29b, as amended (11 USCA § 52), by concealing assets of such firm and other firms from trustee in bankruptcy, since offenses are distinct and punishable as separate offenses, notwithstanding that fraudulent use of mails may have been incident to accomplishment of general conspiracy.

**2. Judgment ⟨≈⟩751—In prosecution for conspiracy to violate Bankruptcy Act, prior acquittal under mail fraud statute is conclusive on questions directly determined (Bankr. Act, § 29b, as amended [11 USCA § 52]).**

In prosecution for conspiracy to violate Bankruptcy Act, § 29b, as amended (11 USCA § 52), prior judgment of acquittal for fraudulent use of mails incident to accomplishment of general conspiracy is conclusive on all questions of fact or law distinctly put in issue and directly determined on trial in such prosecution.

**3. Criminal law ⟨≈⟩200(6)—Adjudication in prosecution under mail fraud statute of innocence of conspiracy to violate Bankruptcy Act requires quashing of indictment for such conspiracy (Bankr. Act, § 29b, as amended [11 USCA § 52]).**

Indictment for conspiracy to violate Bankruptcy Act, § 29b, as amended (11 USCA § 52), held quashed, where, on former trial of defendant for violating mail fraud statute, his innocence of any participation in conspiracy now charged was adjudicated and determined.

A. Lee Meyerson and others were accused of conspiracy to violate the Bankruptcy Act. On separate motions to quash the indictment by named defendant and another. Motion of named defendant overruled. Motion of defendant Philip Katz granted.

Leonard A. Snitkin, of New York City (Leo H. Klugherz, of New York City, of counsel), for defendant Meyerson.

David L. Podell, of New York City, for defendant Katz.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas T. Cooke, Asst. U. S. Atty., of New York City, of counsel), for the United States.

THACHER, District Judge. The defendants were formerly indicted for having used the mails for the purpose of executing a scheme to defraud. To this former indict-ment the defendant Lee Meyerson pleaded guilty and was sentenced. The defendant Katz stood trial, and upon his motion the jury was directed by the court to return a verdict of not guilty. Katz now moves to quash the present indictment on the ground of his former acquittal, and Lee Meyerson upon the ground of his former conviction.

The present indictment charges that on January 1, 1923, the defendants A. Lee Meyerson, Jacob Meyerson, Samuel Meyerson, and Philip Katz conspired to commit offenses against the United States, to wit, to violate section 29 (b) of the National Bankruptcy Act, as amended (11 USCA § 52). In describing the conspiracy, it is alleged that the defendants, contemplating that petitions in bankruptcy would be filed against Abraham ' Silverstein, Alexander A. Wald, Nat Weiner, Morris Shalfi, Samuel A. Cohen, David Lurin, Harry Mopsikoff, and Alexander A. Lipschutz, and that trustees in bankruptcy of their estates would be appointed and would qualify, did conspire and agree with each other to procure and induce these individuals, while bankrupts, and subsequent to the expected qualification of their trustees, knowingly and fraudulently to conceal from their trustees in bankruptcy moneys and property belonging to their estates in bankruptcy, and to aid and abet them in the concealment thereof. It is alleged to have been part of the conspiracy that on or about January 1, 1923, at the instance and suggestion of the defendants, Alexander A. Wald and Abraham 'Silverstein would form a concern to be known as the "Silverstein-Wald Clothing Company," Nat Weiner and Morris Shalfi would form a concern to be known as "Nat Weiner & Co.," Samuel A. Cohen would form a concern to be known as "Prudential Woolen Mills," David Lurin and Harry Mopsikoff would form a concern to be known as "Arrow Clothing Company," and Alexander Lipschutz would form a concern to be known as "Lipschutz Clothing Company"—all for the purpose of buying woolen piece goods on credit. Various overt acts are alleged.

The former indictment charges that on January 1, 1923, Lee Meyerson, Jack Meyerson, Sam Meyerson, and Philip Katz, and Alexander A. Wald and Abraham Silver-. stein, described as promoters, devised a scheme and artifice to defraud creditors who could be induced to sell merchandise used in the manufacture of clothing on credit to Wald and Silverstein, trading as the Silverstein-Wald Clothing Company. The alleged scheme was to obtain merchandise from these

creditors by issuing false financial statements, omitting therefrom loans in large amounts made to Wald and Silverstein by Lee Meyerson, Jack Meyerson, and Philip Katz, and by Nat Weiner and Morris Shalfi, trading as "Nat Weiner Company," and thus to obtain for Wald and Silverstein large quantities of merchandise on credit, which should not be paid for, and to withdraw from the Silverstein-Wald Clothing Company large quantities of such merchandise without making any payment to Wald and Silverstein therefor, to withhold it from the creditors, and in the event that Wald and Silverstein should be adjudicated bankrupts, to withhold such merchandise from the receiver, custodian, and trustee to be appointed in the matter of such bankruptcy, and from any representative of Wald and Silverstein whatsoever; and it was part of the scheme that Wald and Silverstein should pay over large sums of money to Lee Meyerson, Jack Meyerson, and Philip Katz, directly and indirectly, and to Nat Weiner and Morris Shalfi and others to the grand jurors unknown, for the benefit of Lee Meyerson, Jack Meyerson, and Philip Katz, without receipt of any consideration by the Silverstein-Wald Clothing Company or any promise of consideration whatsoever, which sums of money the defendants should withhold from the creditors and the custodian and trustee to be appointed in bankruptcy proceedings against Wald and Silverstein. To conceal the withdrawals of merchandise and payments of money, false entries were to be made in the books of account of Wald and Silverstein. In four separate counts the same scheme is alleged, in each of which it is also alleged that the defendants mailed a financial statement or a balance sheet of the Silverstein-Wald Clothing Company.

[1] The Meyerson motion to quash is not well founded. His prior conviction under the mail fraud statute (18 USCA §§ 338, 339), in connection with a scheme to defraud the creditors of Silverstein-Wald Clothing Company, even though it involved concealment of the assets of this firm from the trustee to be thereafter appointed in bankruptcy, is no bar to his prosecution for a general conspiracy to conceal the assets of this firm and the assets of several other firms from the receivers and trustees to be appointed in connection with the administration of the several estates in bankruptcy. The offenses are quite distinct, and are punishable as separate offenses. Although fraudulent use of the mails may have been incident to the accomplishment of the general conspiracy, and although the criminal acts for which the defendant has been punished may have been inspired by the same criminal intent as the general conspiracy, the acts constituting the general conspiracy are not acts for which the defendant has been convicted, but are separate acts made punishable as such by the statute. The test stated in Bishop's Criminal Law, and approved in Morgan v. Devine, 237 U. S. 632, 639, 35 S. Ct. 712, 714 (59 L. Ed. 1153), is:

"Whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be."

There is no identity of offenses, and therefore no merit in the plea of autrefois convict. Morgan v. Devine, supra; Gavieres v. U. S., 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Carter v. McClaughry, 183 U. S. 365, 394, 22 S. Ct. 181, 46 L. Ed. 236; Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392. The general conspiracy is well pleaded, and several overt acts within the statutory period of limitation are alleged. The motion of Lee Meyerson to quash the indictment is denied.

[2] By a parity of reasoning, the Katz motion cannot be sustained as a plea of autrefois acquit in bar to the indictment, because the offenses are not identical. The prior judgment of acquittal is, however, conclusive upon all questions of fact or of law distinctly put in issue and directly determined upon the trial of the former indictment. Frank v. Mangum, 237 U. S. 309, 333, 334, 35 S. Ct. 582, 59 L. Ed. 969; Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684; U. S. v. Oppenheimer, 242 U. S. 85, 37 S. Ct. 68, 61 L. Ed. 161, 3 L. R. A. 516; Collins v. Loisel, 262 U. S. 426, 430, 43 S. Ct. 618, 67 L. Ed. 1062; U. S. v. McConnell (D. C.) 10 F.(2d) 977.

[3] If upon the former trial the innocence of Katz of any participation in the conspiracy now charged against him was adjudicated and determined, the pending indictment should be quashed as against him. U. S. v. Rachmil (D. C.) 270 F. 869; U. S. v. Clavin (D. C.) 272 F. 985; U. S. v. Morse (U. S. D. C. Docket No. C. 38–753) 24 F. (2d) 1001, opinion filed September 28, 1926.

Upon the trial of this former indictment, before Judge Meekins, it was admitted by the defendant Katz that a scheme was entered into between Wald, Silverstein, and Meyerson to perpetrate a fraud, and that the mails were used in the execution of such fraud. The question tried was whether Katz

had knowledge of and participated in the fraudulent scheme. When the government completed its proofs, the court directed the jury to return a verdict of not guilty, as follows:

"Gentlemen of the jury, four men were indicted with respect to this fraud that was perpetrated. Three of them have either been convicted or pleaded guilty; that is to say, Meyerson, Wald and Silverstein. One of these principals has taken the witness stand as a government witness and testified that the defendant Katz knew nothing about the scheme which he and Meyerson and Wald devised and set in motion for the purpose of defrauding creditors. That, I say, is part of the government's evidence. As I recall, there is no other evidence in the case tending to show that Katz had anything to do with this case, or knew about it, or was a party to it, except the evidence of a witness named Mills who testified in your presence that he is now in the penitentiary serving his term and that he had a deep grievance against this defendant and he has a suit pending against him involving $2,500 or $3,000. Mills stated, as I recall, that the defendant told him that he kept a false set of books for this firm, and that his pet phony purchasers were Cohen, Berman, and Bernstein; but Mills did not testify that the defendant Katz told him, as I recall, that the scheme was devised for the purpose of defrauding creditors and that Katz was necessary in furtherance of the scheme, and that he was used for that purpose. However, Mills testified that Katz did confess to him that he kept the same false books.

"Now, I confidently believe that under the state of the record, in the first place, you would not convict, and, in the second place, if you did, it would be my duty to set aside that verdict, because in my opinion it would be contrary to the evidence in the case. I do not feel that it is a public service to do a vain or useless thing, and for this reason I have to direct a verdict of not guilty. The clerk of the court is directed to file the verdict that Philip Katz is not guilty."

Thus it will be seen that upon the trial of the former indictment the defendant Katz was acquitted upon the ground that he did not participate in the fraudulent scheme alleged to have been devised on January 1,

24 F.(2d)—54½

1923, which is described in the former indictment. He is now indicted for conspiring, on the same day and with the same individuals, to violate the provisions of section 29 (b) of the Bankruptcy Act, by concealing from trustees in bankruptcy of the estates of Silverstein, Wald, Weiner, and Shalfi, all of whom were named in the prior indictment and whose connection with the scheme to defraud is there specifically alleged, and from the trustees of certain other individuals not named in the former indictment, merchandise belonging to these estates in bankruptcy. It will be noted that the scheme described in the former indictment in itself constitutes a conspiracy to violate section 29 (b) of the Bankruptcy Act, by withholding merchandise from the receiver, custodian, and trustee, if any should be appointed, for Wald and Silverstein, trading as the Silverstein-Wald Clothing Company.

The question of fact which was distinctly put in issue and determined upon the trial of Katz upon the former indictment was his participation in the devising of a scheme to defraud creditors of the Silverstein-Wald Clothing Company, and it was there directly determined that the defendant Katz had no knowledge of, and did not participate in, devising or executing that scheme to defraud. The pending indictment includes the same fraud within its description of the general conspiracy with which the defendant Katz is now charged in the pending indictment. Katz's participation in the scheme, whether it be called a scheme to defraud or a conspiracy, is no longer open to inquiry in any proceeding between him and the United States. Nor can the effect of the former adjudication of acquittal be avoided by adding new elements to the old scheme, and thus broadening the charge of conspiracy. The old scheme is still alleged as an essential part of the conspiracy, and, while it may be that the defendant Katz could be indicted and tried for a separate conspiracy between the same individuals relating to bankruptcies of concerns other than the Silverstein-Wald Clothing Company, his nonparticipation in a conspiracy which includes that concern has been conclusively determined.

It follows that the motion of Katz to quash the indictment must be, and is, granted.