## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

John L. Nesvig

July 23, 1996

Case No. (Criminal) M0004140

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon the defendant's Motion to Quash the Indictment for Driving While Intoxicated. Upon motion by the Commonwealth, the case was continued to allow for briefs and oral arguments thereon. Having now heard oral argument and having reviewed the briefs and underlying authorities, the Court grants the Motion to Quash.

*Facts*

There is no dispute as to the facts of this case. The defendant was arrested on May 1, 1995, and a warrant was issued charging him with Driving While Intoxicated. At the same time, pursuant to statute, the defendant's license to operate a motor vehicle in the Commonwealth was administratively suspended for seven days. On August 14, 1995, the defendant argued a pre-trial motion to dismiss on the grounds of double jeopardy, which motion was granted by Judge Ian M. O'Flaherty of the General District Court. On March 18, 1996, the Commonwealth sought and obtained an indictment for Driving While Intoxicated based upon the same May 1, 1995, driving conduct.

Pursuant to the Court of Appeals of Virginia's ruling in *Tench v. Commonwealth*, 21 Va. App. 200 (1995), prosecution for the underlying charge is not barred by the prior administrative license suspension. Further, it is conceded that jeopardy did not attach in the proceeding before Judge

O'Flaherty as witnesses had not been sworn and he had not yet begun to hear evidence. The defendant, therefore, presents his motion upon the theories of *res judicata* and *autrefois acquit.*

## Res Judicata

The Commonwealth correctly states the application of this doctrine:

> A person seeking to assert *res judicata* as a defense must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. He must also establish that a final judgment on the merits has been reached by a court of competent jurisdiction. *Commonwealth ex rel. Gray v. Johnson*, 7 Va. App. 614, 618 (1989).

It is conceded that the first four elements are met; however, the Commonwealth argues that the doctrine does not apply to criminal cases and that there has been no "final judgment on the merits."

### A. *Application to Criminal Proceedings*

Initially, the Court is not persuaded that the doctrine has no applicability in the criminal law. *Slayton v. Commonwealth*, 185 Va. 371 (1946), upon which the Commonwealth relies, is distinguished on its facts as it involved one charged for perjury in the course of a trial on another charge wherein he was acquitted. Here, the defendant is being prosecuted for the same charge which was previously dismissed.

While the applicability of the doctrine to criminal cases remains a question of first impression in the Virginia appellate courts, the United States Supreme Court has spoken clearly. When faced with the same argument that *res judicata* could not apply unless jeopardy had attached, in *United States v. Oppenheimer*, 242 U.S. 85, 37 S. Ct. 68, 69 (1916), Mr. Justice Holmes stated:

> It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt. It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the government's consent before a jury is empaneled. *Id.*

In reaching this decision, Mr. Justice Holmes relies, in part, on the English Common law that "in this respect the criminal law is in unison with that which prevails in civil proceedings." *Regina v. Miles*, L.R. 24 Q.B. Div. 423 (1890). Pursuant to § 1-10 of the Code of Virginia, 1950, as amended, this English precedent, not altered by the General Assembly, is arguably the law of the Commonwealth.

The Court later restated in a more concise fashion: "the Fifth Amendment, in providing against double jeopardy, was not intended to supplant the fundamental principle of *res judicata* in criminal cases." *Collins v. Loisel*, 262 U.S. 426, 43 S. Ct. 618, 619 (1923) citing *Oppenheimer*, *supra*. See also *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189 (1970); *Sealfon v. United States*, 332 U.S. 575, 68 S. Ct. 237 (1948). In accord with these authorities and the persuasive authorities of the Eastern District and Fourth Circuit (*United States v. Byars*, 762 F. Supp. 1235 (E.D. Va. 1991), and *United States v. Blackwell*, 900 F.2d 742 (4th Cir. (1990)), the Court finds the doctrine to apply to criminal proceedings.

## B. *Final Judgment on the Merits*

The next question is whether there was a "final judgment on the merits." It is clear that there was a "final judgment," as the effect of Judge O'Flaherty's ruling was to dismiss the underlying charge. Further, the Commonwealth had no right of appeal.

The more interesting inquiry is to whether the decision was "on the merits." It is well settled that a pre-trial ruling can be "on the merits." *Oppenheimer, supra, Collins, supra*, and *Byars, supra*, all involved pre-trial adjudications. The Commonwealth would urge this Court that a decision on the merits would require a ruling covering each element of the Driving While Intoxicated charge. Such an argument merely defines *res judicata* as double jeopardy and is circular. "On the merits" requires a hearing constituting a factual inquiry. In *Oppenheimer, supra*, the question was one of the statute of limitations, requiring examination of the nature of the charge, the dates involved, and the prior court actions. This was found to be a final judgment "on the merits." The case at bar is no different. In determining that the administrative license suspension was a judicial determination barring further prosecution of the underlying charge pursuant to the double jeopardy clause, the judge was required to examine the nature of the charge, the dates, the conduct, and prior procedures. At the time of the decision, Judge O'Flaherty had jurisdiction over the per-

sons and subject matter. His decision was a "final judgment on the merits" and bars further prosecution under the doctrine of *res judicata.*

## Autrefois Acquit

The doctrine of *autrefois acquit* does not require the same scrutiny as *res judicata* because the Virginia Supreme Court has already ruled that it is part of the criminal law of the Commonwealth. In explaining the doctrine in *Adkins v. Commonwealth*, 175 Va. 590, 597 (1940), the Court held that:

> "the spirit and purpose of the immunity intended to be secured by the doctrine in question will be violated whenever a defendant in any criminal case has been formerly tried by competent authority — whether court or jury — and discharged upon a defense constituting a bar to the proceeding, whether that defense be rested upon the law or the facts." (Citing *Commonwealth v. Perrow*, 124 Va. 805 (1919)).

The Commonwealth argues that the Virginia Supreme Court has decided that this doctrine does not apply and cites *Mealy v. Commonwealth*, 193 Va. 216 (1952), for the proposition that pre-jeopardy dismissal based solely on legal grounds does not bar reprosecution. Oddly enough, the doctrine of *autrefois acquit* is mentioned; however, all arguments identified are on the basis that jeopardy *had* attached. The Supreme Court denied the motion on double jeopardy analysis alone without examination of *autrefois acquit* and does not assist our inquiry.

*Adkins, supra*, is said to have been distinguished and narrowed by *Johnson v. Commonwealth*, 221 Va. 736 (1981). The decision itself is not limited to *autrefois acquit* as it also responds to arguments of collateral estoppel and double jeopardy. The Court notes that in *Adkins, supra*, the defendant was discharged "without day" from an indictment for aiding and abetting in the commission of bigamy after a prior proceeding determined that he was unmarried. In *Johnson* the defendant was found not guilty of robbery in the earlier proceeding but only after instruction that the jury *must* return that verdict if they also found him guilty of capital murder while in the commission of a robbery. Thus in convicting him of capital murder, the jury made a factual determination that the defendant committed the robbery while finding him not guilty of the robbery charge on purely legal grounds. The Court found that the decision in *Adkins, supra*, was "a true acquittal upon a defense which barred his reprosecution, while in *Johnson, supra*, the "defendant [had] not been dismissed

'without day,' that there [had] been no prior factual determination in favor of the defendant with regard to robbery and that the defendant was not previously 'acquitted' of robbery." *Id.* 744. This clearly distinguishes *Adkins, supra*, from *Johnson, supra*; however, it does not change the rule of *autrefois acquit* set forth in *Adkins, supra*. The limiting language cited by the Commonwealth to change or narrow the doctrine was contained in the portion of the *Johnson* opinion that was analyzing *United States v. Scott*, 437 U.S. 82 (1978). That portion "recognizes that *double jeopardy* following dismissal depends on subtle distinctions in the reasons underlying a judgment." *Johnson, supra*, 743 (emphasis added). In fact, the sentence following the Commonwealth's quote from page 744 reads "the latter would qualify as an acquittal for double jeopardy purposes." *Id.*, 744. The Court finds the doctrine of *autrefois acquit* as defined in *Adkins, supra*, remains as a principle of law in the Commonwealth.

When the doctrine is applied to the case at bar, it is clear that the defendant herein was formerly tried by a court of competent jurisdiction and discharged upon a defense constituting a bar to the proceeding. It is true that the decision rested upon a legal proposition which the Court of Appeals of Virginia has reversed in another case; however, this judgment was final prior to that decision. This prosecution is barred by the doctrine of *autrefois acquit*.

## Conclusion

For the reasons set forth above, the Court grants the defendant's Motion to Quash the Indictment for Driving While Intoxicated. An Order to that effect discharging the defendant will be entered forthwith.