**Girlie LINGAD, Petitioner—Appellant,**

v.

**Janet NAPOLITANO,* Secretary of the Department of Homeland Security; Eric H. Holder, Jr.,** Attorney General, Respondents–Appellees.**

No. 07–56769.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2009.***

Filed Feb. 17, 2009.

---

* Janet Napolitano is substituted for her predecessor, Michael Chertoff, as Secretary of Homeland Security, pursuant to Fed. R.App. P. 43(c)(2).

** Eric H. Holder, Jr. is substituted for his predecessor, Michael B. Mukasey, as Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

*** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Girlie Lingad, San Diego, CA, pro se.

Jeremy D. Warren, Esq., Law Offices of Jeremy D. Warren, San Diego, CA, for Petitioner–Appellant.

Robert Ciaffa, David L. Katz, USSD— Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

MEMORANDUM \*\*\*\*

Our review of a habeas petition challenging an extradition order is limited to considering whether: (1) the extradition court lacked jurisdiction to conduct extradition proceedings or lacked jurisdiction over the petitioner, (2) the relevant treaty was in full force and effect, (3) the petitioner's alleged crime fell within the terms of the treaty, and (4) there was competent legal evidence to support the magistrate judge's finding of extraditability. *See Manta v. Chertoff*, 518 F.3d 1134, 1140 (9th Cir. 2008). Lingad does not challenge the extradition order on any of these grounds, and therefore the district court did not err in denying her habeas petition.

To the extent a district court may issue a writ of habeas corpus to correct procedural errors in extradition proceedings that amount to a denial of due process, *compare Collins v. Miller*, 252 U.S. 364, 369, 40 S.Ct. 347, 64 L.Ed. 616 (1920), *with Quinn v. Robinson*, 783 F.2d 776, 817 (9th Cir.1986), we conclude that the district court did not err in rejecting

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lingad's argument that she was deprived of due process because "she had a right to an expectation of finality with respect to the particular extradition complaint she was facing." An extradition order is not a final order. *See Collins,* 252 U.S. at 369, 40 S.Ct. 347. For the same reason, extradition orders are not subject to Rule 60(b) of the Federal Rules of Civil Procedure, *see In re Smyth,* 61 F.3d 711, 720–21 (9th Cir.1995), which allows relief from a final judgment for newly discovered evidence only in limited circumstances. Rather, the magistrate judge in this case had "inherent procedural power" to reopen the evidence and reconsider her initial ruling. *City of Los Angeles v. Santa Monica BayKeeper,* 254 F.3d 882, 885 (9th Cir.2001). In any event, Rule 60(b) is not implicated here. The government submitted its motion to reopen before the magistrate judge filed her order, and the pendency of such a motion renders an otherwise final order non-final. *See In re Lockard,* 884 F.2d 1171, 1180 (9th Cir.1989). Finally, the government's ability to bring a new extradition request if initially unsuccessful, *see Collins v. Loisel,* 262 U.S. 426, 429, 43 S.Ct. 618, 67 L.Ed. 1062 (1923); *Ahmad v. Wigen,* 910 F.2d 1063, 1065 (2d Cir.1990), does not abridge the magistrate judge's authority to grant a motion to reopen in an extradition proceeding.

**AFFIRMED.**