UNITED STATES of America, Appellant,

v.

Frank GRISANTI, also known as Chickie Botts, Defendant–Appellee.

No. 1575, Docket 93–1102.

United States Court of Appeals, Second Circuit.

Submitted June 8, 1993.

Decided Sept. 3, 1993.

Dennis C. Vacco, Buffalo, NY, U.S. Atty., and Anthony M. Bruce, Asst. U.S. Atty., W.D.N.Y., for appellant.

John Patrick Pieri, Buffalo, NY, Stiller & Pieri, for defendant-appellee.

Before: OAKES, WALKER and WOOD, Jr.,* Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge:

The United States appeals the district court's dismissal of two counts of a five-count indictment charging defendant with criminal contempt and witness tampering. For the reasons given below, we reverse.

## I.

Frank Grisanti was charged in two indictments filed on October 3, 1991, with several counts of bank fraud, conspiracy to commit bank fraud, and illegal racketeering. He was arraigned on October 10, 1991, and released on a $10,000 signature bond subject to various conditions of release. Grisanti was not to have any contact with potential witnesses. A witness was defined as any person whose name appeared in either indictment. Any contact was to be reported to the pretrial services division of the probation office within twenty-four hours.

On November 5, 1991, the government filed a motion to revoke Grisanti's pretrial release on the ground that Grisanti had contacted a witness named in the indictments and failed to promptly report it. After a hearing held on the motion, the magistrate found by clear and convincing evidence that Grisanti knowingly and intentionally violated the court's order in several instances by meeting with a witness, discussing that witness's future testimony, and failing to report the meetings. The magistrate found the requirements for revocation of release were met because there was clear and convincing evidence that Grisanti had violated several conditions of his release as well as probable cause that Grisanti had violated federal laws against witness tampering and making false statements to a government agency. The magistrate found there were no conditions of release which could assure Grisanti's presence or prevent his potential danger to others. Grisanti, therefore, was remanded to custody on November 13, 1991.[1] The magistrate's order was affirmed by the district court.

A grand jury charged Grisanti in an indictment filed June 4, 1992, with two counts of criminal contempt under 18 U.S.C. § 401(3), for contacting a witness and failing to report it in violation of a court's order, two counts of witness tampering under 18 U.S.C. § 1512(b), by attempting to persuade the witness to fabricate testimony and give perjured testimony, and one count of lying to a government agent under 18 U.S.C. § 1001. At trial in July 1992, the court dismissed the count for lying to a government agent. The jury found Grisanti guilty of the two contempt counts but was hung on the two witness tampering counts. The court declared a mistrial on these two counts and scheduled a hearing to set a date for a retrial of the counts.

Three months after the trial, after his motion for a directed verdict was denied, Grisanti moved for dismissal of the indictment. Grisanti argued the double jeopardy clause barred subsequent prosecution of the offenses which were also the basis for the revocation of his release. The court dismissed the witness tampering counts, and this appeal followed.

## II.

The question presented is whether double jeopardy attached at the bail revocation hearing and bars any subsequent prosecution

---

* Harlington Wood, Jr., Senior Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. Grisanti was later released again on bail in the bank fraud and racketeering case on December 24, 1992, thirteen months after being remanded to custody in November 1991.

for conduct that was the basis of the revocation of Grisanti's release. The government in its brief additionally argues that double jeopardy does not bar a retrial of the witness tampering counts because of the jury's guilty verdict on the two criminal contempt counts. Defendant below based his double jeopardy claim on the ground that the bail revocation hearing and the subsequent thirteen-month imprisonment was the former jeopardy. The government below did not make any argument concerning the jury's verdict on the criminal contempt counts. Nor did the district court rely upon that verdict for dismissing the counts.

### III.

The double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It consists of three separate constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). By its terms, the double jeopardy clause "applies only if there has been some event ... which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984).

█ The district court dismissed the counts of the indictment apparently believing Grisanti's thirteen-month detention following the bail revocation hearing entitled Grisanti to protection from any subsequent prosecution. To determine whether Grisanti was "twice put in jeopardy" by reason of the bail revocation hearing, we must consider if the hearing was " 'essentially criminal,' " *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) (citation omitted), and an action "intended to authorize criminal punishment to vindicate public justice." *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548–49, 63 S.Ct. 379, 386, 87 L.Ed. 443 (1943). Was Grisanti subject to "criminal prosecution" and put to trial when the court heard evidence in support of the government's motion to revoke his release? *Breed*, 421 U.S. at 528, 95 S.Ct. at 1785.

█ For the reason that the bail revocation hearing was not "essentially criminal," and the pretrial detention was not punishment, Grisanti has not twice been put in jeopardy. At the hearing, the magistrate determined that Grisanti had violated his order concerning conditions of his release and there was probable cause that he had committed several federal crimes. The magistrate found Grisanti's presence and conduct toward others could not be assured unless he was detained prior to trial. The pretrial detention here is not punishment in the usual sense; it serves a regulatory function rather than a criminal one. *See United States v. Salerno*, 481 U.S. 739, 746–47, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987); *Schall v. Martin*, 467 U.S. 253, 268–74, 104 S.Ct. 2403, 2412–15, 81 L.Ed.2d 207 (1984); *Bell v. Wolfish*, 441 U.S. 520, 535–37, 99 S.Ct. 1861, 1871–73, 60 L.Ed.2d 447 (1979).

The court in the Eastern District of New York has already examined the question whether conduct that was the basis for a revocation of bail may also be the subject of prosecution without violating the constitution's double jeopardy clause. In *United States v. Ferrugia*, 604 F.Supp. 668 (E.D.N.Y.1985), *aff'd*, 779 F.2d 36 (2d Cir. 1985) (summary order), the district court revoked the defendant's bail for threatening and spitting in the face of a witness, an Assistant United States Attorney, and subsequently refused to dismiss an indictment of the defendant on charges of unlawful retaliation against a witness. *Id.* at 672. The Fifth Circuit in *Showery v. Samaniego*, 814 F.2d 200 (5th Cir.1987), also held the double jeopardy clause did not apply to an appellate bond revocation hearing because it was not an "essentially criminal" proceeding. *Id.* at 202–03; *see United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2873, 125 L.Ed.2d 556 (1993) (White, J., concurring in the judgment in part and dissenting in part) ("modification of release conditions or revocation of bail and detention" raise no double jeopardy problem); *Ex parte Lane*, 806 S.W.2d 336, 339–40 (Tex.Ct.App.1991) (relying upon

*Showery v. Samaniego* to hold collateral estoppel does not extend to bail hearings). Additionally, abundant case law which shows jeopardy does not attach at parole or probation hearings further supports our holding that double jeopardy is not triggered by a bail revocation hearing. *See United States v. McGowan,* 960 F.2d 716, 718 (8th Cir.1992); *United States v. Hanahan,* 798 F.2d 187, 189 (7th Cir.1986); *Jonas v. Wainwright,* 779 F.2d 1576, 1577 (11th Cir.), *cert. denied* 479 U.S. 830, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986); *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.1981).

## IV. CONCLUSION

The district court's order dismissing counts three and five of the indictment is reversed.