85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee SIMPSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2290.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 David Lee Simpson appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Simpson pleaded guilty to possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). After Simpson was released on bond pending sentencing, the government moved to revoke his bond because drug testing revealed that Simpson had used cocaine and marijuana subsequent to the entry of his guilty plea. Following a hearing, the district court revoked Simpson's bond and remanded him to custody. At sentencing, the district court denied Simpson a downward adjustment in his Sentencing Guideline range for acceptance of responsibility due to his use of cocaine and marijuana following the entry of his guilty plea. The court sentenced him to forty-one months of imprisonment and four years of supervised release. Simpson did not file a direct criminal appeal from his conviction and sentence.
 
 
 3
 Simpson subsequently filed his motion to vacate, arguing that: 1) the district court improperly denied him the downward adjustment for acceptance of responsibility; 2) the district court's reliance on the same conduct to revoke his bond and deny him the acceptance of responsibility reduction violated the Double Jeopardy Clause; and 3) his counsel rendered ineffective assistance. The district court determined that his claims were without merit and denied the motion. Simpson has filed a timely appeal and requests permission to proceed in forma pauperis.
 
 
 4
 Upon review, we conclude that the district court properly denied Simpson's motion to vacate sentence. In order to obtain habeas relief under 28 U.S.C. § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Simpson is barred from seeking relief on his first two claims because he did not raise them in a direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Simpson demonstrates cause and actual prejudice to excuse his failure to raise the claims previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Simpson argued in his motion to vacate that cause exists because his counsel did not raise these issues in a direct criminal appeal. Ordinary attorney error does not establish cause; rather, the error must amount to constitutionally ineffective assistance of counsel. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). Even if it is assumed that Simpson has established cause, he has not shown prejudice because, as discussed below, his claims are without merit. We note that Simpson's ineffective assistance of counsel claim is properly raised in his motion to vacate sentence because such claims are usually not cognizable in a direct criminal appeal. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994).
 
 
 6
 Simpson's first argument that the district court improperly denied him the acceptance of responsibility adjustment due to his testing positive for cocaine and marijuana is without merit. We review for clear error the district court's refusal to adjust downward for acceptance of responsibility and the district court has broad discretion on this issue. United States v. Zimmer, 14 F.3d 286, 289 (6th Cir.1994). Simpson does not dispute that he tested positive for cocaine and marijuana or that he used these drugs following the entry of his guilty plea; consequently, he was not entitled to an acceptance of responsibility reduction. Id. While Simpson argues that he is addicted to these drugs, such addiction does not excuse his continued drug use for purposes of receiving the acceptance of responsibility reduction. Id.
 
 
 7
 Simpson also argues that the district court's reliance on his continued drug use to revoke his bond and deny him the acceptance of responsibility reduction violates the Double Jeopardy Clause. While the Double Jeopardy Clause protects against multiple punishments for the same offense, see Schiro v. Farley, 114 S.Ct. 783, 789 (1994), the use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. Witte v. United States, 115 S.Ct. 2199, 2205-06 (1995). Therefore, the district court's reliance on Simpson's illegal drug use to deny the acceptance of responsibility reduction does not constitute punishment under the Double Jeopardy Clause. The district court's revocation of Simpson's bond due to his drug use also is not punishment within the meaning of the Double Jeopardy Clause. See United States v. Grisanti, 4 F.3d 173, 175-76 (2d Cir.1993). Consequently, Simpson's double jeopardy rights were not violated.
 
 
 8
 Lastly, Simpson argues in his motion to vacate that he received ineffective assistance of counsel because counsel did not raise his previous arguments in a direct criminal appeal. We note that Simpson does not raise this argument on appeal and, therefore, it is considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Nonetheless, we conclude that Simpson was not prejudiced by any failure of his counsel to raise these issues since they are without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Accordingly, we grant Simpson in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.