IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

July 29, 1998

Cecil W. Crowson
Appellate Court Clerk

KIMBERLY SUTTON STREET,           )
                                  )    NO. 01C01-9707-CC-00250
        Appellant,                )
                                  )    RUTHERFORD COUNTY
VS.                               )
                                  )    HON. J.S. DANIEL,
STATE OF TENNESSEE,               )    JUDGE
                                  )
        Appellee.                 )    (Post-Conviction)


FOR THE APPELLANT:                    FOR THE APPELLEE:

CHARLES R. RAY                        JOHN KNOX WALKUP
211 Third Avenue North                Attorney General and Reporter
P.O. Box 198288
Nashville, TN 37219-8288              ELLEN H. POLLACK
                                      Assistant Attorney General
                                      Cordell Hull Building, 2nd Floor
                                      425 Fifth Avenue North
                                      Nashville, TN  37243-0493

                                      WILLIAM C. WHITESELL, JR.
                                      District Attorney General
                                      303 Rutherford Co. Judicial Bldg.
                                      Murfreesboro, TN 37130




OPINION FILED: _____



AFFIRMED



JOE G. RILEY,
JUDGE

**OPINION**

The petitioner, Kimberly Sutton Street, appeals the denial of her petition for post-conviction relief by the Circuit Court of Rutherford County. The petitioner contends that the trial court did not have jurisdiction to alter the conditions of her appeal bond; therefore, the alteration resulted in "punishment." She contends that serving the original sentence imposed by the trial court would violate her constitutional right against double jeopardy. The judgment of the trial court is AFFIRMED.

**I.**

The petitioner was convicted by a jury in Rutherford County of possession of marijuana, possession of valium, possession of drug paraphernalia, and driving under the influence, second offense. She was sentenced to concurrent terms of eleven (11) months and twenty-nine (29) days. The sentences were to be served on supervised probation after ninety (90) days served in confinement.

The petitioner filed a motion for new trial, which was denied. The petitioner remained on bond while she appealed to this Court. While the appeal of petitioner's convictions was pending, she was indicted in Sumner County for various drug offenses. The District Attorney General of Rutherford County on May 2, 1996, filed a motion to revoke the petitioner's bond. A hearing was held on May 21, 1996, and the trial court issued an order amending the conditions of the petitioner's release. The petitioner's bond was raised $4,000. She was also "placed on supervised probation," required to remain free of illicit drugs, ordered to submit to drug screenings, and had to comply with a 7:00 p.m. curfew. The petitioner also alleges the "Draconian" measure of placing an electronic monitoring device around her ankle was foisted upon her.

This Court subsequently affirmed the petitioner's convictions. State v. Kimberly Sutton Street, C.C.A. No. 01C01-9508-CC-00257, Rutherford County (Tenn. Crim. App. filed September 19, 1996, at Nashville). The Tennessee Supreme Court denied permission to appeal in an order filed March 3, 1997.

The petitioner subsequently filed a petition for post-conviction relief alleging, *inter alia*, that the increased conditions of her bond constituted punishment for double jeopardy purposes; therefore, she had already served her sentence. The trial court dismissed the petition without a hearing, and the petitioner appealed.

## II.

The defendant alleges that the trial court's modification of her bond was made without jurisdiction and constituted punishment, causing her to "more than serve the original sentence imposed by the trial court." We respectfully disagree.

## A.

A defendant may be admitted to bail pending appeal by the trial court where the judgment was rendered, by this Court, or by the Tennessee Supreme Court. Tenn. Code Ann. § 40-11-113(a)(1). Any of the above courts, judges or justices thereof, may increase or reduce the amount of bail required pending appellate review. Tenn. Code Ann. § 40-11-113(a)(3). If a court finds it necessary, a defendant as a condition of release on bail may be required to submit to supervised probation and have reasonable restrictions placed upon

her activities, movements, associations and residences. Tenn. Code Ann. § 40-

3

11-116(b)(2), (3).[1]

Thus, the petitioner's contention that a trial court does not have jurisdiction to alter or modify bail after notice of appeal is without merit. Indeed, an application for alteration of bail is one of the few instances where both the trial and appellate courts retain concurrent jurisdiction. Raybin, Tennessee Criminal Practice and Procedure, § 33.104 (1985); *see also* Tenn. R. App. P. 8(a).

**B.**

We also reject the petitioner's argument that the alteration of bail constituted punishment for double jeopardy purposes. To be put in jeopardy, a defendant must be "subject to 'criminal prosecution' and put to trial." United States v. Grisanti, 4 F.3d 173, 175 (2nd Cir. 1993). A bail revocation hearing serves a regulatory function rather than a criminal function. State v. Pennington, 952 S.W.2d 420, 422 (Tenn. 1997)(citing United States v. Grisanti, supra). Regulatory or remedial purposes do not implicate double jeopardy. Id. at 422-23.

**C.**

The actions of the trial court altering conditions of the defendant's release were appealable to this Court in accordance with Tenn. R. App. P. 8(a). *See* Tenn. Code Ann. § 40-11-144. The appropriateness of the modification could have been reviewed at that time. The petitioner failed to avail herself of this opportunity.

---

[1] If a person admitted to bail on appeal is indicted for or convicted of a felony while on bail, the bail "shall be revoked." Tenn. Code Ann. § 40-11-113(a)(4)(emphasis added). It appears the petitioner was extended mercy by the trial court since the statute mandates revocation.

4

For the above reasons, the judgment of the trial court is AFFIRMED.


_____
**JOE G. RILEY, JUDGE**



**CONCUR:**




_____
**CURWOOD WITT, JUDGE**




_____
**LEE MOORE, SPECIAL JUDGE**