IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2001

## KELVIN A. TAYLOR v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR61-2000     William B. Acree, Jr., Judge**

_____

**No. W2001-00166-CCA-R3-PC  - Filed September 19, 2001**

_____

The Appellant, Kelvin A. Taylor, appeals from the dismissal of his petition for post-conviction relief by the Weakley County Circuit Court. Pursuant to a negotiated plea agreement, Taylor entered a "best interest" plea to class D felony child abuse, and was sentenced to six years in the Department of Correction as a range II offender. In this collateral attack of his conviction, Taylor presents two issues for our review: (1) whether the general sessions court's revocation of his bond without a hearing and the resulting confinement prior to indictment violated double jeopardy and due process rights; and (2) whether trial counsel was ineffective. After a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined, and JOE G. RILEY, J., not participating.

Vanedda Prince Webb, Union City, Tennessee, for the Appellant, Kelvin A. Taylor.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Thomas A. Thomas, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On September 7, 1998, Keyatia Rush, then ten months old, was treated for a torn tendon just above her left elbow and for damage to her collarbone. Further examination of the victim indicated possible fractures of her ninth and tenth ribs. The Appellant had been babysitting Keyatia and two other children. The treating physicians concluded that the Keyatia's injuries were the result

of battered child syndrome. Following an investigation by the Martin Police Department, the Appellant was charged with aggravated child abuse.

On September 30th, the Appellant waived a preliminary hearing, and was bound over to the grand jury. As a condition of bail, he was to have no contact with the victim. The Appellant's bond was revoked by the general sessions court on October 5th, for violation of the no contact condition. The Appellant remained incarcerated until February 3, 1999. On this date, the Appellant was released on bond, after being granted bail by the Weakley County Circuit Court, following his indictment in January 1999. On May 7, 1999, the Appellant entered a best interest or *Alford* plea to the lesser included offense of child abuse of a child of six years of age or less, a class D felony. On May 8, 2000, the Appellant filed a petition for post-conviction relief,[1] which was amended on July 14th. The Appellant sought relief alleging numerous grounds which included: (1) double jeopardy and/or due process violation based upon the general sessions court's revocation of his bond without a hearing and (2) ineffective assistance of counsel.

An evidentiary hearing was held on September 15, 2000. The Appellant testified to numerous claims of ineffective assistance of counsel, most importantly for purposes of this appeal, that trial counsel failed to seek suppression of the statements given to the Martin Police Department and the Tennessee Bureau of Investigation. The Appellant testified that he invoked his right to counsel during questioning by the Martin Police Department. The investigator testified that she had no recollection of the Appellant asserting his right to counsel. Additionally, trial counsel testified that nothing he learned from the Appellant during their discussions caused him to believe that a Fifth Amendment violation existed. The proof at the hearing also established that the Appellant was interviewed and administered a polygraph examination by a Tennessee Bureau of Investigation agent. With regard to statements to the TBI, the Appellant contends that his previous request for counsel to the Martin Police Department remained in effect and applied to all subsequent police interrogations. Prior to the statements to the TBI, the Appellant was advised of his *Miranda* rights and signed a waiver of those rights.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence the allegations set forth in his petition. Tenn. Code Ann. § 40-

---

[1] Although the Appellant challenges the general sessions court's action in revoking his bond, no record of the general sessions court's proceedings are included in the record on appeal. The record does suggest that the Appellant did not request indigency status at the general sessions level and, in fact, advised the court that he would retain counsel. In the absence of a record of the general sessions court proceedings, we are required to presume that the general sessions court properly applied the applicable rules of criminal procedure including waiver of right to counsel at the preliminary hearing. Extending this presumption of correctness, we cannot find with certainty that the Appellant did not waive his right to a bond revocation hearing. As such, we are required to engage in speculation as to this issue. It is the duty of an Appellant to ensure that the appellate record contains all of the evidence and trial court records relevant to the appeal. Tenn. R. App. P. 24(b).

30-210(f) (1997). When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderated against the judgment. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This court may not reweigh or re-evaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Id. Further, questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. Id.

## A. Double Jeopardy and Due Process

The first issue presented by the Appellant for review is: "whether the trial court erred in holding that the Appellant was not entitled to post-conviction relief where the Appellant's bond was revoked without a hearing prior to his indictment in violation of his right to due process and he was therefore subjected to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Tennessee Constitution." Although the Appellant combines double jeopardy and due process into one issue, separate treatment is required for proper legal analysis.

### 1. Double Jeopardy

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. This protection applies both to successive punishments and to successive prosecutions for the same criminal offense. *See* North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2073 (1969). *See also* Whitwell v. State, 520 S.W.2d 338, 341 (Tenn. 1975); State v. Taylor, 912 S.W.2d 183, 185 (Tenn. Crim. App. 1995); State v. Carter, 890 S.W.2d 449, 452 (Tenn. Crim. App. 1994). In this case, the Appellant argues that "his detention in jail" following bond revocation "constituted punishment for the offense for which he was charged," and that his subsequent punishment imposed following his "best interest" plea "constituted multiple punishments for the same offense." Thus, the Appellant seeks to apply the latter standard of "successive prosecutions for the same criminal offense" as a basis for violation of the Double Jeopardy Clause. We find this argument misplaced. The Appellant's bond was revoked based upon his conduct of "contacting the victim," which violated a condition of release. The Appellant's resulting conviction was based upon his conduct of child abuse. Clearly, because the two occurrences were predicated upon distinct acts of conduct, double jeopardy principles were not implicated. *See* U.S. v. Dixon, 509 U.S. 688, 113 S.Ct. 2849 (1993).

Moreover, double jeopardy refers to those risks "traditionally associated with actions intended to authorize criminal punishment to vindicate public justice." Breed v. Jones, 421 U.S. 521, 529, 95 S. Ct. 1778, 1786 (1975). Thus, the inquiry is whether the challenged action was "punitive" as opposed to "remedial." State v. Pennington, 952 S.W.2d 420, 422. (Tenn. 1997); State v. Coolidge, 915 S.W.2d 820, 823 (Tenn. Crim. App. 1995). Bail revocation is not essentially criminal, but is a "regulatory function rather than a criminal one." Pennington, 952

S.W.2d at 422 (quoting Untied States v. Grisanti, 4 F.3d 173, 175 (2nd Cir. 1993)). Therefore, for these reasons, we conclude that jeopardy did not attach as a result of the Appellant's bond revocation.

## 2. Due Process

The Appellant next contends that the revocation of his bond without a hearing violates due process. Due process prohibits punitive pre-trial detention, but permits remedial pre-trial detention provided the individual is afforded sufficient procedural due process. Pennington, 952 S.W.2d at 423; State v. Johnson, 980 S.W.2d 414, 421 (Tenn. Crim. App. 1998). The revocation of the Appellant's bail was remedial, and therefore, he only need be afforded sufficient procedural due process.

Assuming for argument's sake, that even if the Appellant was not afforded sufficient procedural due process, he nevertheless has no remedy in this Court. Tenn. Code Ann. § 40-11-144 (1997) states,

> (a) The actions by a trial court from which an appeal lies to the supreme court or court of criminal appeals in granting, denying, setting or altering conditions of the defendant's release shall be reviewable in the manner provided in the Tennessee Rules of Appellate Procedure.
> (b) If the action to be reviewed is that of a court from which an appeal lies to a court inferior to the supreme court or court of criminal appeals, review shall be sought in the next higher court upon writ of certiorari. *See* Tenn. R. App. P. 8.

The proper method of review for the Appellant's bond revocation was appeal to the Weakley County Circuit Court. Any other remedy now lies outside this Court's jurisdiction. Post-conviction relief is available only to an abridgement of a constitutional right arising from the conviction process. Tenn. Code Ann. § 40-30-203 (1997). Issues regarding bail, *i.e.*, remedial pre-trial detention, are generally ancillary to the conviction process and rarely, if ever, would require voiding the conviction. The Appellant's claim of due process is without merit.

## B. Ineffective Assistance of Counsel

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984) the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea or Alford plea, to satisfy the second prong of Strickland the Appellant must show that "there is a reasonable probability that but for counsel's errors, he would not have entered a plea of guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)) (emphasis in original). However *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. Fields 40 S.W.3d at 458 (emphasis in original). Applying the foregoing principles, we review *de novo* the post-conviction court's conclusion that the Appellant received effective assistance of counsel.

In his second issue, the Appellant argues that he received the ineffective assistance of counsel regarding counsel's failure to seek suppression of his statements to the police. The post-conviction court found that the transcript of the interview with the Martin Police Department did not reflect that the Appellant invoked his right to counsel, and irrespective of the dispute, the Appellant made no admission of guilt. Additionally, the trial court found that the Appellant's statements to the TBI were properly obtained. The proof does not preponderate against these findings. In sum, the Appellant has failed to show ineffective assistance of counsel.

## CONCLUSION

After a thorough review of the record, we hold that the revocation of the Appellant's bail without a hearing did not implicate double jeopardy. Pursuant to Tenn. Code Ann. § 40-11-144, the Appellant was required to seek relief in the Weakley County Criminal Court for any procedural due process violation resulting from his bond revocation. Furthermore, we hold that the Appellant has failed to establish by clear and convincing evidence that he received the ineffective assistance of counsel. Accordingly, the judgment is affirmed.

_____
DAVID G. HAYES, JUDGE