# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 10, 2012

## STATE OF TENNESSEE v. EVAN DEYO

**Direct Appeal from the Criminal Court for Shelby County**
**No. 10-03258     Paula Skahan, Judge**

_____

### No. W2011-01179-CCA-R3-CD  - Filed June 6, 2012

_____

After being indicted for driving under the influence of intoxicants (DUI), reckless driving, and violation of the implied consent law, Defendant, Evan Deyo, entered into a negotiated plea agreement and reserved a certified question of law for appeal.  The question reserved for appeal specifically states the issue as: "whether the Court erred in denying the Defendant's Motion to Dismiss based on the fact that his pre-trial detention was not for a valid remedial purpose but rather was punitive."  After review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Blake D. Ballin, Memphis, Tennessee, for the appellant, Evan Deyo.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Edie Sellers, Assistant District Attorney General; for the appellee, the State of Tennessee.

### OPINION

## I.  Background

From the testimony of Defendant at a suppression hearing, a stipulation entered into by Defendant and the State at that hearing, and from the guilty plea hearing, we find the following are the facts of this case.

On May 12, 2009, Defendant was the driver of a vehicle involved in an accident at Whitten Road and Interstate 40 in Shelby County. Defendant, who was wearing a kilt, was observed leaving the scene. Defendant was found by a deputy sheriff and returned to the scene of the wreck, where he performed poorly on a field sobriety test. Defendant claimed he was injured and requested that he be transported to a hospital by ambulance. Defendant smelled strongly of intoxicants and "he admitted having been drinking." He was taken to a Memphis hospital. He refused consent for blood to be withdrawn for testing alcohol/drug content, "was somewhat treated" for injuries, and left the hospital against the advice of medical personnel.

Defendant was given a misdemeanor citation in lieu of arrest because he was taken to the hospital. He reported, as required, to be booked and processed (mug shot and fingerprinting) on May 21, 2009. At that time he was also given a court date in Shelby County General Sessions Criminal Court for May 29, 2009, for arraignment. He appeared in Court as required on May 29, 2009, and bond was set in the amount of $2,000.00 by the General Sessions Criminal Court Judge. Defendant made bond and was released from custody that same day. At the suppression hearing, Defendant testified that he was not sure how long he was detained before being released on bond but that it was "more than six hours." Interestingly, although the judgment of conviction provides that Defendant was to be given credit for "time served," that portion of the judgment, where pretrial jail credit is supposed to be listed, was left blank.

Defendant testified that he was not sure of the General Sessions Criminal Court Judge's reasoning for setting his bail at $2,000.00. Defendant admitted that at the time bail was set, he had prior arrests for "underage driving while impaired" and for violation of the implied consent law.

The stipulation of facts agreed upon by the State and Defendant at the suppression hearing is as follows:

> On May 12, 2009, the defendant was issued a misdemeanor citation charging him with Driving Under the Influence, Leaving the Scene of an Accident and Reckless Driving. At his arraignment on May 29, 2009, the defendant was taken into custody and a bail of $2,000.00 was set by Judge Ryan of General Sessions Div 15. At the time that this bond was set a judicial policy (a copy of which is attached to this stipulation) required a minimum bond of $1,000.00 on all Driving Under the Influence cases.

Attached to the stipulation and referenced therein is a memo signed by all nine Shelby County General Sessions Criminal Court Judges, dated February 7, 2008, and which states as follows:

**MEMO**

To:   Shelby County Judicial Commissioners
     Shelby County Pretrial Services
     Harvey Henderson, Administrator
     General Sessions Criminal Court Clerk's Office

From:   General Sessions Criminal Court Judges

Date:   February 7, 2008

Re:    **Bonds – Driving Under the Influence of an Intoxicant (DUI)**

Effective as of Monday, February 11, 2008, all minimum DUI bonds are to be set at $1,000.00 (one thousand dollars). Also, effective as of the same date the attached form is to be used and filed in the court jackets of each DUI case at the time of the bond is [sic] setting.

> Please address any concerns to Judge Lambert Ryan, the Administrative Judge for the General Sessions Criminal Court.

The "attached form" referred to in the memo is a form for a court order in the Shelby County General Sessions Criminal Court designated as "Order on Bond Setting." The form has blank spaces to be filled in or checked, as applicable, to provide information on: (1) how long a defendant has resided in Shelby County, (2) whether defendant is employed, (3) defendant's family ties, (4) defendant's prior felony and misdemeanor convictions, (5) any prior failures by defendant to appear in court or for booking and processing, (6) whether defendant is on parole or probation and (7) any other pertinent factors. The following appears toward the bottom of the order:

> *The Judicial Commissioner* has determined that the bail necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public should be set in the amount of _____.

(Emphasis added).

Finally, there is a space provided for special conditions of bail to be listed, and, significantly, the form order is specifically prepared to be signed by a Judicial Commissioner.

No "Order on Bond Setting" pertaining specifically to Defendant's case is included in the record. However, since Defendant's bond was set in open court by a General Sessions Criminal Court Judge, rather than by Judicial Commissioner, the lack of an issued "Order on Bond Setting" is not surprising. Defendant's case ultimately went to Shelby County Criminal Court by indictment as alluded to above, his motion to dismiss the charge of DUI was denied, and he pled guilty pursuant to a negotiated plea agreement, reserving the certified question of law for appeal.

## II. ANALYSIS

We can only review the precise issue stated in the certified question of law. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008) ("As we have stated repeatedly, no issue beyond the scope of the certified question will be considered.") As noted above, the precise issue reserved in the certified question of law is:

> [W]hether the Court erred in denying the Defendant's Motion to Dismiss based on the fact that his pre-trial detention was not for a valid remedial purpose but rather was punitive.

Defendant has altered the issue presented for appeal in his appellate brief from the specific issue reserved at the time of the guilty plea. The issue is stated in the appellate brief as follows:

> Whether prosecution is barred by Double Jeopardy if Defendant was detained under pro forma policy of the General Sessions Criminal Court of Shelby County while out on misdemeanor citation in lieu of arrest.

In the actual issue reserved for appeal, this Court must resolve whether his pre-trial detention was "punitive" rather than for a "valid remedial purpose," and if so, whether the trial court thus erred by denying Defendant's motion to dismiss the indictment.

The issue presented in the brief, however, would require this Court to determine whether constitutional double jeopardy principles bar prosecution of Defendant because he was detained under a "pro forma policy" of the Shelby County General Sessions Criminal Court at the time that he was released on the charges pursuant to a misdemeanor citation in lieu of arrest.

As per our Supreme Court's holding in *Day*, we are prohibited from addressing the precise issue asserted by Defendant in his brief, and our review in this case is strictly limited to the precise issue reserved at the time of the guilty plea.

In his brief, Defendant also asserts legal arguments which are not within the scope of the issue he reserved for appeal:

> (1) "Appellant further asserts that the policy of the Shelby County General Sessions [Criminal] Court setting minimum bail of $1,000.00 on all DUI cases is unconstitutional under TENN. CONST. art. I § 16." That constitutional provision provides that "excessive bail shall not be required."

> (2) That minimum bail policy "is in conflict with the entire statutory scheme of the Bail Reform Act of 1978, T.C.A. §§ 40-11-101 *et. seq.*"

Since these issues were not included within the certified question reserved for appeal, we are unable to address them. We take this opportunity to refer to a footnote in our Supreme Court's opinion in *Day*:

> . . . . When crafting a certified question, both the defendant and the State would be prudent to review [Tennessee Rule of Criminal Procedure 37], craft the certified question to [ensure] that it meets each of the requirements delineated in subsection (b)(2)(A)(i)-(iv) of the Rule, and analyze whether the issue as stated in the judgment order is broad enough to meet the intent of both parties . . . .

*Day*, 263 S.W.3d at 900, n. 8.

Defendant's argument as to the limited issue actually reserved for appeal is that jeopardy attached at his arraignment in General Sessions Criminal Court on May 29, 2009, because "the consequent detention [ordering him to make bail of $2,000.00] constituted punishment." Defendant asserts that the detention was not related to a legitimate goal and therefore this Court "may infer that the purpose of the pro forma detention was punitive rather than remedial." Accordingly, Defendant argues that "any further prosecution in this matter is barred by the federal and state constitutions."

The State argues that Defendant was not placed in jeopardy until he entered his guilty plea, and therefore is not entitled to relief in this appeal.

> The double jeopardy clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice

put in jeopardy of life or limb. . . ." Article I, § 10 of the Tennessee Constitution provides that "no person shall, for the same offence [sic], be twice put in jeopardy of life or limb.

*State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997).

The federal constitution's protection against double jeopardy applies to the states through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 794 (1969); *State v. Howard*, 30 S.W.3d 271, 277 n. 7 (Tenn. 2000).

Defendant primarily relies upon *State v. Coolidge*, 915 S.W.2d 820 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998). Specifically, Defendant asserts that as applied to him

> or a similarly situated defendant who [is] issued a citation in lieu of arrest, the pro forma minimum bail policy imposes detention and $1,000.00 bail as a matter of course based solely on the charge, i.e. DUI, and therefore it is not reasonably related to a legitimate goal, and this Court may infer that the purpose is punitive. *Coolidge*, 915 S.W.2d at 823.

Under the facts of his case, Defendant's reliance on *Coolidge* is misplaced. A careful review of the facts in the record shows that absolutely no proof was presented at the motion hearing concerning why (1) Defendant was ordered to be removed from the status of answering the charges pursuant to a citation with no bond, and (2) Defendant was ordered to be taken into custody with a bail of $2,000.00. Defendant introduced no proof of the proceedings in General Sessions Criminal Court: no transcript, no statement of the evidence, and no live testimony. Defendant testified that he was not sure what the General Sessions Judge's reasoning was in setting bond at $2,000.00. Finally, the stipulation entered into by the parties, and presented by Defendant at the motion hearing in Criminal Court, states that at the time that Defendant's bond was set at $2,000.00 by a General Sessions Judge, *in open court*, a judicial policy, directed to Judicial Commissioners by the General Sessions Judges, stated, "all minimum DUI bonds are to be set at $1,000.00 (one thousand dollars).

We infer from what is available to us in the record that since Defendant's bond was set at $2,000.00, in open court by a General Sessions Judge (and not a Judicial Commissioner) that Defendant's bond was not set pursuant to the "pro forma policy" Defendant attacks in the appeal. The fact that the bond was set at $2,000.00 rather than $1,000.00 supports this inference. Also, a literal reading of the stipulation is that while the parties stipulated the policy existed, there is no statement that Defendant's bond of $2,000.00 was set solely because of the "pro forma policy."

In *Coolidge* this Court held:

> The initial burden is on the defendant to make a threshold showing of double jeopardy. . . . In other words, the defendant must make an arguable showing that his pretrial detention qualified as punishment. That would depend on (1) whether the detention served an alternative purpose, and (2) whether that detention is excessive in relation to the purpose.

*Coolidge*, 915 S.W.2d at 823-24 (citations omitted).

In *Pennington*, our supreme court noted,

> It is well established that jeopardy does not attach in preliminary pretrial proceedings. . . . Rather to be put in jeopardy, the defendant must be "subject to 'criminal prosecution' and put to trial." *United States v. Grisanti*, 4 F.3d 173, 175 (2nd Cir. 1993). The proceeding must be "essentially criminal" and constitute an action "*intended to authorize criminal punishment to vindicate public justice*." *Id*.

*Pennington*, 952 S.W.2d at 422 (some citations omitted) (emphasis added).

All we know for sure from the record before us is that Defendant was removed, in a hearing in open court, from a status of release by citation for his pending charges to being released after making a $2,000.00 bail pending disposition of his charges, and that the General Sessions Criminal Court Judges of Shelby County had issued a policy to the Judicial Commissioners of Shelby County, that when bond is set in DUI cases, the minimum bond is to be $1,000.00. A literal reading of the policy does not specifically prohibit release on his/her own recognizance for a defendant - it simply provides that if bond is set by a Judicial Commissioner, it is to be set at a minimum of $1,000.00. There is not sufficient proof in the record that the setting of bond was punitive. Accordingly, Defendant is not entitled to relief in this appeal.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE