# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 7, 2011 Session

## STATE OF TENNESSEE v. BRYANT CARTER

**Direct Appeal from the Criminal Court for Shelby County**
**No. 09-02185      John Fowlkes, Judge**

---

**No. W2010-02673-CCA-R3-CD  - Filed June 15, 2012**

---

Defendant, Bryant Carter, entered into a negotiated plea agreement and pled guilty to driving under the influence of an intoxicant (DUI), and properly reserved the following certified question of law for appeal: "Whether further prosecution of this case is barred by double jeopardy under the U.S. and Tennessee Constitutions when the Defendant was detained under a pro forma policy of the General Sessions Criminal Court while properly out on a misdemeanor citation in lieu of arrest." After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Leslie I. Ballin, Memphis, Tennessee, for the appellant, Bryant Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Charles Bell, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

## I. Background

On September 13, 2008, Defendant was driving his vehicle in Memphis on I-240 approximately one-half mile south of that highway's intersection with Walnut Grove Road. He collided with three parked vehicles: a privately owned pick-up truck, an ambulance, and a fire truck. No one was injured in the wreck except Defendant. Due to his injuries,

Defendant was taken by ambulance to the Regional Medical Center at Memphis for treatment and was released a few hours later. Because of evidence that Defendant had consumed alcoholic beverages prior to the wreck, officers of the Memphis Police Department began an investigation. Defendant consented to a blood sample being withdrawn from him; a later test of this sample showed a blood alcohol content of 0.24. Other evidence also provided probable cause to justify Defendant's arrest for DUI. Since he had been taken to the hospital, a misdemeanor citation in lieu of arrest was issued to Defendant at the hospital. The citation required Defendant to report to the jail annex on September 22, 2008, for booking and processing. He complied with this required procedure. The citation also ordered Defendant to appear in the Shelby County General Sessions Criminal Court on October 6, 2008.

Defendant remained free without bail being imposed until he arrived in court with his attorney on October 6, 2008. At that time, over Defendant's objection, bond was set in the amount of $1,000.00 for the charges reflected in the citation: DUI, reckless driving, and public intoxication. Defendant was taken into custody until he could make his bail. Defendant testified in Criminal Court, at the hearing of his motion to dismiss all charges, that he was in custody for approximately five hours before being released on bond. The State conceded that Defendant was initially charged with DUI and reckless driving pursuant to a misdemeanor citation in lieu of arrest. The State also agreed that when Defendant appeared in General Sessions Criminal Court on October 6, 2008, "bail was set, at that time, at $1,000.00 per memorandum, signed by all the Shelby County General Sessions [Criminal Court] Judges." The referenced memorandum was made an exhibit and is set forth below:

### MEMO

| To: | Shelby County Judicial Commissioners |
| | Shelby County Pretrial Services |
| | Harvey Henderson, Administrator |
| | General Sessions Criminal Court Clerk's Office |

| From: | General Sessions Criminal Court Judges |

| Date: | February 7, 2008 |

| **Re:** | **Bonds – Driving Under the Influence of an Intoxicant (DUI)** |

Effective as of Monday, February 11, 2008, all minimum DUI bonds are to be set at $1,000.00 (one thousand dollars). Also, effective as of the same

date the attached form is to be used and filed in the court jackets of each DUI case at the time of the bond is [sic] setting.

Please address any concerns to Judge Lambert Ryan, the Administrative Judge for the General Sessions Criminal Court.

The "attached form" referred to in the memo is a form for a court order in the Shelby County General Sessions Criminal Court designated as "Order on Bond Setting." The form has blank spaces to be filled in or checked, as applicable, to provide information on: (1) how long a defendant has resided in Shelby County, (2) whether defendant is employed, (3) defendant's family ties, (4) defendant's prior felony and misdemeanor convictions, (5) any prior failures by defendant to appear in court or for booking and processing, (6) whether defendant is on parole or probation and (7) any other pertinent factors. The following appears toward the bottom of the order:

*The Judicial Commissioner* has determined that the bail necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public should be set in the amount of _____.

(Emphasis added).

Finally, there is a space provided for special conditions of bail to be listed, and, significantly, the form order is specifically prepared to be signed by a Judicial Commissioner.

Defendant waived preliminary hearing and was subsequently indicted by the Shelby County Grand Jury for DUI and reckless driving. He filed a motion to dismiss all charges on the basis that "his State Constitutional Rights against Double Jeopardy would be violated upon the continued prosecution of the Defendant for these charges." In the specific allegations of the motion, Defendant also asserted that his rights to be protected against double jeopardy which are guaranteed in the United States Constitution were also violated. Defendant's theory for relief can be summarized as follows: at the hospital, he was charged but released on a misdemeanor citation in lieu of arrest, he reported to the sheriff's office for processing as required, he came to court as required, and pursuant to a Shelby County General Sessions Criminal Court policy, he was "arrested and required to post a bond." Defendant asserts that his arrest and requirement of being in custody for five hours before being released on bond was "without legitimate remedial basis" and was thus punishment. Defendant argues that since he has already been punished for the offenses of DUI and reckless driving, double jeopardy protections entitle him to have the pending charges

dismissed. The trial court had a brief session in open court approximately two months after the hearing on Defendant's motion to dismiss all charges. At this session the judge announced that the motion to dismiss charges was denied, and that a written order would be entered. That order was entered and the trial court ruled that requiring Defendant to be taken into custody until such time as he made a $1,000.00 was not punishment. Defendant subsequently pled guilty and reserved his certified question of law for appeal.

## II. Analysis

A defendant may enter a guilty plea but still reserve for appeal "a certified question of law that is dispositive of the case" if certain procedural requirements are met. Tenn. R. Crim. P. 37(b)(2); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Under this procedure, our review is strictly limited to the precise issue certified as the question of law reserved for appeal. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008) ("As we have stated repeatedly, no issue beyond the scope of the certified question will be considered."); *Preston*, 759 S.W.2d at 650; Tenn. R. Crim. P. 37(b)(2)(A)(ii) ("the question of law as stated in the judgment or order reserving the certified question identified clearly the scope and limits of the legal issue reserved.") The importance placed upon properly wording the certified question of law is shown in a footnote in the *Day* opinion, which states in part,

> . . . . When crafting a certified question, both the defendant and the State would be prudent to review the Rule, craft the certified question to [ensure] that it meets each of the requirements delineated in subsection (b)(2)(A)(i)-(iv) of the Rule, and analyze whether the issue as stated in the judgment order is broad enough to meet the intent of both parties . . . .

*Day*, 263 S.W.3d at 900, n. 8.

As noted above, the certified question of law is,

> Whether further prosecution of this case is barred by double jeopardy under the United States and Tennessee Constitutions, if the defendant was detained under a pro forma policy of the General Sessions Criminal Court while properly out on a misdemeanor citation in lieu of arrest.

The issue for this Court to determine, as applicable to the facts of this case, is whether Defendant was punished for DUI and reckless driving when he was ordered to make a bond after he appeared in Court pursuant to a directive in his misdemeanor citation, and because the only reason the bond was set was due to a "pro forma" policy of the Shelby County

General Sessions Criminal Court Judges to set a minimum bond of $1,000.00 in all DUI cases.

According to the concession by the State at the hearing, the *only* reason Defendant was removed from a status of release pursuant to a misdemeanor citation, and ordered to make a $1,000.00 bond to again be released, was the General Sessions Criminal Court's policy. A careful reading of that policy shows that it is literally directed only to the Judicial Commissioners of Shelby County. The form order included with the memorandum has a place for the signature of a Judicial Commissioner rather than a General Sessions Judge. Furthermore, the memorandum states that the minimum amount of bond is to be $1,000.00. The memorandum itself does not strictly prohibit a defendant from being released on his/her own recognizance, or from remaining released by misdemeanor citation pending disposition of the charges.

Nevertheless, the certified question agreed to by the State and Defendant, and the State's concession at the trial court's hearing, results in this Court accepting the fact that the appellate record shows the only reason Defendant was taken into custody until he could make a $1,000.00 bond, after he had initially been released from September 13, 2008 until October 6, 2008 pursuant to a misdemeanor citation, was the "minimum bond" policy of the Shelby County General Sessions Criminal Court.

If the action by the General Sessions Court when it removed Defendant from a release status by citation, and ordered him to be placed on a release status only after posting a $1,000.00 bond is punishment for the charged offenses, double jeopardy principles are implicated. *See State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997) ("The proceeding must be 'essentially criminal' and constitute an action 'intended to authorize criminal punishment to vindicate public justice.'" *quoting United States v. Grisanti*, 4 F.3d 173, 175 (2nd Cir. N.Y. 1993)).

Defendant relies upon *Pennington*, and this Court's opinion in *State v. Coolidge*, 915 S.W.2d 820 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998), in support of his argument that the charges against him must be dismissed with prejudice. At issue in *Pennington* was a policy by the Davidson County General Sessions Judges "whereby persons charged with driving while intoxicated were detained for twelve hours (more or less) upon their refusal to submit to a breath-alcohol test." *Pennington*, 952 S.W.2d at 421. The defendant refused the test after his arrest for DUI and "was not permitted to arrange his release immediately." The defendant asserted that double jeopardy principles mandated that his DUI charges be dismissed. Our Supreme Court disagreed. In doing so the *Pennington* court held,

The double jeopardy clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb. . . ." Article 1, § 10 of the Tennessee Constitution provides that "no person shall, for the same offense, be twice put in jeopardy of life or limb."

. . . .

In context, double jeopardy violations arise *only* when an individual is twice placed in jeopardy for the same offense. Customarily, in jury proceedings, jeopardy attaches when the jury is sworn, and in nonjury proceedings, jeopardy attaches when the first witness testifies. *Crist v. Bretz*, 437 U.S. 28, 35, 98 S. Ct. 2156, 2160, 57 L. Ed. 2d 24 (1978); *Serfass v. United States*, 420 U.S. 377, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975). A defendant must be put in jeopardy at least once, "for only if that point has once been reached does any subsequent prosecution of the defendant bring the guarantee against double jeopardy even potentially into play." *Crist*, 437 U.S. at 32-33, 98 S. Ct. at 2159.

It is well established that jeopardy does not attach in preliminary pretrial proceedings. *See United States ex rel. Rutz v. Levy*, 268 U.S. 390, 45 S. Ct. 516, 69 L. Ed. 1010 (1925); *Collins v. Loisel*, 262 U.S. 426, 43 S. Ct. 618, 67 L. Ed. 1062 (1923). Rather, to be put in jeopardy, the defendant must be "subject to 'criminal prosecution' and put to trial." *United States v. Grisanti*, 4 F.3d 173, 175 (2nd Cir. 1993). The proceeding must be "essentially criminal" and constitute an action "intended to authorize criminal punishment to vindicate public justice." *Id*. (*citing Breed v. Jones*, 421 U.S. 519, 528, 95 S. Ct. 1779, 1785, 44 L. Ed. 2d 346 (1975), and *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 548-49, 63 S. Ct. 379, 386, 87 L. Ed. 443 (1943)).

*Pennington,* 952 S.W.2d at 422.

The *Pennington* court concluded by holding, "[i]n sum, the post-arrest detention of the defendant does not bar the State's subsequent prosecution of him for the offenses charged in the indictment." *Id*. at 423. The Court reached this holding based upon the conclusion that the policy was remedial, rather than punitive, because one purpose of the policy was to keep "suspected drunk drivers off the road for a period of time after arrest." *Id*.

-6-

At issue in *Coolidge* was another policy of the Davidson County General Sessions Courts, that persons arrested for DUI had to be held in custody for at least six hours after arrest before being allowed to be released on bail. The defendant argued that the mandatory holding period amounted to punishment, thus precluding any further sentence due to double jeopardy protections. *Coolidge*, 915 S.W.2d at 822. This court in *Coolidge* relied upon the Tennessee Supreme Court's reasoning in *Doe v. Norris*, 751 S.W.2d 834 (Tenn. 1988) to conclude that the six-hour holding rule did not violate rights protected by the constitutional protections against double jeopardy. *Coolidge*, 915 S.W.2d at 823 ("the test in *Doe v. Norris* would appear to govern the issue presented in this case"). Specifically, the *Coolidge* Court said,

> The holding in *Doe v. Norris*, 751 S.W.2d 834, 839 (Tenn. 1988), also provides some guidance:
>
> > In determining whether the confinement involved . . . is punishment . . . [c]ourts must decide whether the confinement is imposed for the purpose of punishment or whether it is an incident of a legitimate governmental purpose. Where . . . no showing of an express intent to punish is made . . . "that determination . . . turn[s] on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned.'"

(Citation omitted).

*Coolidge*, 915 S.W.2d at 823.

This Court in *Coolidge* held that there was nothing in the record to explain why the policy existed, that is, the purpose of the policy. There was no transcript of any court hearings and no statement of the evidence. Accordingly, this Court ruled against the defendant and affirmed the defendant's conviction for DUI because due to no evidence in the record as to the purpose of the policy, "the presumptive correctness of the ruling of the trial court on this constitutional issue must stand." *Coolidge*, 915 S.W.2d at 824.

In the case *sub judice* we have in the record the complete transcripts of all proceedings in the trial court. We know from the record that the *only* reason Defendant was required to make a $1,000.00 bond twenty-three days after he was charged and released on a misdemeanor citation is because of the policy of the Shelby County General Sessions

Criminal Court Judges, which is quoted in this opinion. We know that the *only* reason Defendant was detained for approximately five hours was because it took that long for him to make his bail of $1,000.00.

What is totally lacking in this record is definitive evidence of the purpose of the General Sessions Criminal Court policy at issue. Defendant argues in his appellate brief that the policy violates "the cite and release statute and the Bail Reform Act." Defendant also argues that since the policy violates the provisions of the law related to pretrial release, the policy "cannot by definition be related to a legitimate goal." Defendant goes on to argue that this court thus "may infer that the purpose of the pro forma detention was punitive rather than remedial."

We respectfully disagree with Defendant's analysis. Even if we assume that the policy does violate certain statutory provisions regarding the manner of pretrial release and the amount of bond where bail is required, this in and of itself does not mandate the conclusion that the policy was punitive rather than remedial.

It is well established that the requirement of bond for pretrial release serves the accepted purpose of assuring a defendant's appearance for court proceedings. *See State v. Melson*, 638 S.W.2d 342, 358 (Tenn. 1982); *see also* Tenn. Code Ann. §§ 40-11-116(b)(3), -117, -118(a) (2006) (providing for bail to be set when necessary to assure a defendant's appearance). As found by the trial court, a $1,000.00 bond for charges of DUI and reckless driving does not seem excessive in relation to the purposes of a bond. There is nothing in the record to show that Defendant would not have been arrested, with a $1,000.00 bond, had he not been injured and required to have medical treatment for at least three hours. *See* Tenn. Code Ann. § 40-7-118b(1) (which requires in cases such as Defendant's that the initial charge must be by citation).

As stated in *Doe v. Norris*, "[w]here . . . no showing *of an express intent to punish is made*" *id*. at 839, we must look to see if there is an alternative purpose for the detention (setting of a bond and the accompanying detention pending release on that bond) to which the detention may *rationally* be connected. The record in the case *sub judice* contains no evidence of the policy having an express intent to punish Defendant, or others similarly situated. The general purpose of bond to assure a defendant's appearance in court meets the test set forth in *Doe v. Norris*. As our supreme court in *Pennington* noted, "[a] policy of detaining suspected drunk drivers for refusing to submit to a test to determine blood-alcohol content may, if punitive, implicate certain constitutional protections, but the double jeopardy clause is not one of them." *Pennington*, 952 S.W.2d at 423. Similarly, on the basis of the record before us, we conclude that the policy at issue here does not implicate the double jeopardy clause. Defendant is not entitled to relief in this appeal.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE